IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KELVIN D. THOMPSON**                                                                                          **PLAINTIFF**

V.                                                                                       CAUSE NO. 3:21-CV-436-CWR-LGI

**VEOLIA WATER NORTH AMERICA**                                                        **DEFENDANT**
**OPERATING SERVICES, LLC**

## ORDER

Before the Court is the defendant's motion for partial dismissal. Docket No. 3. On review, the motion will be denied.

**I.      Factual and Procedural History**

Kelvin D. Thompson was an Operations and Maintenance Tech at Veolia Water North America Operating Services's wastewater treatment plant in Jackson, Mississippi.[1] He had more than 20 years of experience at the plant. Veolia took over its operation in 2017.

In November 2020, Thompson filed a charge of discrimination with the EEOC regarding his work at Veolia. He alleged that he was paid less than a similarly-situated white male "who I trained in the job duties and who has worked in the position for about two years." Docket No. 3-2 at 1. He added that the white male was later promoted to Operational Supervisor even though Veolia had not announced that the opening existed. *Id.* at 1-2. Thompson checked the box alleging race discrimination. *Id.* at 1.

In March 2021, Thompson left the company. He received a right-to-sue letter in May 2021.

In June 2021, Thompson commenced this litigation in the Circuit Court of Hinds County, Mississippi. His complaint elaborated on the charge of discrimination by naming the similarly-

---

[1] Veolia claims that its true corporate name is Veolia Water North America-South, LLC.

situated white employee and providing particulars about the precise wage disparity. Thompson then described a pattern of race-based harassment by a manager named Kelvin Peters. According to the complaint, Peters called the Black employees "Fucking Monkeys and Niggers," and gave them harsher jobs than he gave the white employees. When Thompson reported this conduct to Human Resources, he says he was retaliated against, harassed, and denied raises that workers without EEOC grievances received. Thompson's suit claimed a violation of Title VII.

After removing the case here, Veolia filed the present motion for partial dismissal. It argues that Thompson fails to state a race discrimination claim and that his racial harassment claim should be dismissed for failure to exhaust administrative remedies before the EEOC. Veolia's motion does not challenge Thompson's retaliation claim.

**II.     Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A satisfactory complaint will "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means that there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

**III.     Discussion**

   **A.     Race Discrimination – Unequal Pay and Promotion**

Veolia first contends that Thompson's unequal pay claim should be dismissed because his alleged comparator, "Mr. Boehringer," was not actually similarly-situated. Although the evidence may bear out this contention, the Court finds that Thompson has sufficiently stated a claim. At one point, Thompson's complaint says that he and Boehringer were both going to be Class III operators, yet Boehringer was making more money. Docket No. 1-1 at 2. At another point, Thompson says that Boehringer was neither appropriately licensed in this State nor adequately trained. If anything, the complaint implies, Boehringer should have been making less money than Thompson, rather than more money.

Veolia then contends that the race discrimination claim is untimely. That might be the case if Thompson's unequal pay and promotion allegations ended in 2017, the date of Boehringer's transfer into the Jackson facility. But the charge of discrimination says that the disparities occurred between January 30, 2020 and September 15, 2020. There are timely claims within that date range. Accordingly, Thompson's race discrimination claim predicated upon unequal pay and promotion may proceed.

   **B.     Race Discrimination – Unequal Job Duties**

The remainder of Thompson's race discrimination claim is based upon him being given work assignments more strenuous and humiliating than his white peers. These assignments include being required to work 14 days straight, painting the entire plant alone, being denied proper equipment to fill in holes with dirt, and an incident where Black employees were ordered to clean waste from a clarifier while white employees watched from above. Veolia contends that

all of these incidents fail to state a claim because they do not constitute "adverse employment actions."

> For Title VII and § 1981 discrimination claims, we have held that adverse employment actions consist of ultimate employment decisions such as hiring, firing, demoting, promoting, granting leave, and compensating. An employment action that does not affect job duties, compensation, or benefits is not an adverse employment action.
>
> Additionally, our court has held that a transfer or reassignment can be the equivalent of a demotion, and thus constitute an adverse employment action. To be the equivalent to a demotion, a transfer need not result in a decrease in pay, title, or grade; it can be a demotion if the new position proves objectively worse—such as being less prestigious or less interesting or providing less room for advancement.

*Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014) (cleaned up).

Given this legal standard, Veolia's arguments are due to be denied. Thompson's complaint thoroughly alleges that he was given differential "job duties" than white employees, including "objectively worse" job duties. *Id*. As they are presented today, these allegations go beyond "mere inconvenience or an alteration of job responsibilities" that typically do not constitute an adverse employment action. *Id.* at 504. The Court notes that the denial is without prejudice, as Veolia may develop evidence that the tasks alleged to have been differential were, in fact, routinely assigned to employees of all races and colors.

### C.     Racial Harassment

Finally, Veolia asserts that Thompson's racial harassment claim should be dismissed because it was not exhausted before the EEOC.[2]

> [T]his court interprets what is properly embraced in review of a Title–VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. We engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label.

---

[2] In a footnote, Veolia makes the same argument as to Thompson's unequal job duties claims. But those allegations are even more likely to have reasonably grown out of the charge of discrimination.

4

*Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (cleaned up); *see also Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 167 (5th Cir. 2018) (holding that an EEOC charge must be construed "in its broadest reasonable sense" and a complaint based on the charge "can include only those allegations that are *like* or *related to* those allegations contained in the EEOC charge and growing out of such allegations during the pendency of the case before the [EEOC].") (emphasis added).

It may be a difficult question whether the face of Thompson's charge of discrimination alone would satisfy the above legal standard. While he did not mention a hostile work environment, the most cursory of EEOC investigations would likely have quickly learned that Thompson's manager called him and other Black employees "Fucking Monkeys and Niggers." People subjected to such vitriol would find their work environment hostile.

That said, the legal standard asks the Court to look slightly beyond the four corners of the charge. *Pacheco*, 448 F.3d at 789. And here, in addition to his charge of discrimination, Thompson submitted to the EEOC an "Inquiry" describing how a manager "called [us] niggers, and said he can hire any monkey who can turn a wrench." Docket No. 8 at 6. This document may supplement the charge of discrimination, *see Equal Emp. Opportunity Comm'n v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 754-56 (5th Cir. 2020), or it may *not* supplement the charge, *see, e.g.*, *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 338 (5th Cir. 2021). It depends on the nature of the document (*i.e.*, if it is an intake questionnaire), its timing, and its verification status. *See EEOC*, 954 F.3d at 756; *Ernst*, 1 F.4th at 338-39.

The Court cannot determine the adequacy of the "Inquiry" without some record evidence. Accordingly, the motion to dismiss is denied without prejudice to an early motion for summary judgment, supported by appropriate evidence, on this narrow issue.

IV.     **Conclusion**

For these reasons, the motion is denied.

**SO ORDERED**, this the 31st day of August, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
